UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BERNARD GUMBS,

                          Plaintiff,                      COMPLAINT

       -against-

                                                          07 CV 2160

THE CITY OF NEW YORK, POLICE         (Jury Trial Demanded)
OFFICER JEREMIAH WILLIAMS, Shield No.
7878, POLICE OFFICER AURCLIEN JEANTY,
Shield No. 27965, and POLICE OFFICERS
JOHN DOES 1-2, Shield Nos. Unknown,

                          Defendants.
------------------------------------------------------------X

       Plaintiff Bernard Gumbs, by his attorney Scott A. Korenbaum, Esq., for his complaint, alleges as follows:

Preliminary Statement

       1.     Plaintiff Bernard Gumbs brings this action, pursuant to 42 U.S.C. § 1983, to redress the deprivation of his federal constitutional rights.  On December 15, 2005, defendants police officers Williams, Jeanty and John Does 1-4, violated Mr. Gumbs' right to be free from an improper search of his person when they conducted an unlawful body cavity search, and otherwise used excessive force during the effectuation of this body cavity search.

Jurisdiction and Venue

       2.     Because this action arises under the United States Constitution and is brought pursuant to 42 U.S.C. § 1983, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.  Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Mr. Gumbs' state law claims.  Pursuant to 28 U.S.C. § 1391, venue is proper because the facts underlying Mr. Gumbs' claims occurred in this district.

Administrative Prerequisites

3. On December 23, 2005, Mr. Gumbs filed a timely Notice of Claim with defendant City of New York in the Office of the City Comptroller, in accordance with the General Municipal Law.

4. At least thirty days have elapsed since plaintiff filed the aforesaid Notice of Claim and adjustment or payment thereof has been neglected or refused. This action is commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

Parties

5. Mr. Gumbs is a citizen of the United States. At all times relevant herein, he was a citizen of the State of New York, County of Bronx.

6. Defendant City of New York is a municipal corporation organized pursuant to the laws of the State of New York. It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York. At all times relevant herein, it was the employer of defendant members of the Police Department of the City of New York (the "Department").

7. Defendant Jeremiah Williams, Shield No. 7878, was, at all times relevant herein, an employee of the Department. As of December 15, 2005, Williams held the rank of Police Officer and was assigned, upon information and belief, to the 47th Precinct in the Bronx.

8. At all times relevant herein, Williams was acting under color of law and within the scope of his employment.

9. Defendant Aurclien Jeanty, Shield No. 27965, was, at all times relevant herein, an

employee of the Department.  As of December 15, 2005, Jeanty held the rank of Police Officer and was assigned, upon information and belief, to the 47th Precinct in the Bronx.

10. At all times relevant herein, Jeanty was acting under color of law and within the scope of his employment.

11. Defendants John Does 1-2, first and last names unknown, Shield Nos. unknown, were, at all times relevant herein, employees of the Department.  As of December 15, 2005, Does 1-4 held the rank of Police Officers and were assigned, upon information and belief, to the 47th Precinct in the Bronx.

12. At all times relevant herein, defendants Does 1-4 were acting under color of law and within the scope of their employment.

Facts

13. On December 15, 2005, at about 1:50 p.m., Mr. Gumbs was at the intersection of East 211th Street and Holland Avenue in the Bronx.

14. At that time, defendants Williams and Jeanty got out of an unmarked car with tinted windows.  Even though they neither identified themselves nor had badges out, and even though they had no basis to do so as Mr. Gumbs had not done anything wrong, these defendants ordered Mr. Gumbs to assume the position, which he did.

15. As soon as Mr. Gumbs assumed the position, defendants began patting him down. Then, while still on the street, either Williams or Jeanty began to search underneath Mr. Gumbs' clothes and placed his hands inside Mr. Gumbs' anus.

16. Mr. Gumbs' resisted the defendants' efforts to search his person on the street (but not the efforts to pat him down).  As a result, these defendants placed him under arrest and drove him

to the 47th precinct in the Bronx.

17. Mr. Gumbs was arrested without justification for resisting arrest.

18. At the 47th precinct, Mr. Gumbs made it known to the person he believed was in charge, who Mr. Gumbs believed held the rank of Captain, that either Williams or Jeanty had assaulted him on the street by trying to search his anus. In response, Jeanty and Williams forcibly took Mr. Gumbs into the bathroom.

19. Once inside the bathroom, one of these defendants put on a latex glove while the other defendant forcibly held Mr. Gumbs against the door and removed his clothes. Moments thereafter, the defendant with the latex glove began to place forcibly one or more of his fingers in Mr. Gumbs' anus in order to conduct a body cavity search.

20. Despite Mr. Gumbs' offer to comply with the apparent goal of the defendants' body cavity search, either Jeanty or Williams threw Mr. Gumbs to the floor in an effort to continue his search. Shortly thereafter, two additional police officers (Does 1-2) entered the bathroom.

21. Upon their arrival in the bathroom, Does 1-2 and cuffed Mr. Gumbs while one of them began punching him in his ribs. As this was taking place, either Jeanty or Williams was able to take his fingers and enter Mr. Williams' anus, thereby causing him excruciating pain.

22. As a result of their unlawful body cavity search of Mr. Gumbs, either Jeanty or Williams recovered cocaine from Mr. Gumbs' person.

23. As a result of the body cavity search, Mr. Gumbs sustained injuries to his face and, more important, his anus. Accordingly, approximately 45 - 60 minutes after the body cavity search was performed on him, either Jeanty or Williams transported Mr. Gumbs to Our Lady of Mercy Hospital in the Bronx.

24.     After receiving treatment at the hospital, he was returned to the 47th precinct and then taken to Bronx Central Booking.  At Central Booking, members of the Department's Internal Affairs Bureau ("IAB") began asking Mr. Gumbs questions about what had happened to him.  Mr. Gumbs had not called IAB at any time.

25.     IAB showed Mr. Gumbs photographs of police officers, who happened to be white. Mr. Gumbs indicated that the members of the Department who performed the body cavity search were African-Americans.  Mr. Gumbs briefly told IAB what had happened to him, and then chose not to speak with them further.

26.     Ultimately, Mr. Gumbs was charged with Resisting Arrest for the conduct that occurred at the intersection of East 211th Street and Holland Avenue in the Bronx, and Criminal Possession of a Controlled Substance in the Third and Fifth Degrees as a result of the cocaine found pursuant to the body cavity search.

27.     On March 7, 2007, all charges were dismissed against Mr. Gumbs.

FIRST CLAIM FOR RELIEF
(Defendants Jeanty and Williams–Unlawful Search)

28.     Plaintiff Thomas Gumbs repeats and realleges the allegations contained in paragraphs 1 through 27, as if fully set forth herein.

29.     On December 15, 2005, defendants Jeanty and Williams performed a body cavity search of Mr. Gumbs.

30.     At the time they conducted the body cavity search of Mr. Gumbs, these defendants were not justified in doing so.

31.     Moreover, even if they had a basis to search Mr. Gumbs' person, the body cavity search of Mr. Gumbs exceeded the scope of any reasonable search.

32.     The body cavity search of Mr. Gumbs' was unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

33.     As a result of defendant Williams' and Jeanty's conduct, Mr. Gumbs suffered physical and psychological injury, and continues to suffer physical and psychological injury.

## SECOND CLAIM FOR RELIEF
(Defendants Jeanty, Williams and City–Battery)

34.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 33 above, as if set forth fully herein.

35.     On December 15, 2005, defendants Jeanty and Williams conducted an unlawful body cavity search of Mr. Gumbs in a harmful and offensive manner, which included placing one or more of their fingers inside of Mr. Gumbs' anus.

36.     Mr. Gumbs did not consent or otherwise authorize these defendants to touch him this way.

37.     Defendants Jeanty and Williams were at all times agents of defendant City of New York, and were acting within the scope of their employment.

38.     As a result of the conduct of the individual defendants, Mr. Gumbs suffered from physical and psychological harm.

39.     As the employer of the individual defendants, defendant City is responsible for the injuries plaintiff suffered, and continues to suffer, as a result of their conduct pursuant to the doctrine of *respondeat superior*.

### THIRD CLAIM FOR RELIEF
(Excessive Force–All Individual Defendants)

40.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 39 above, as if set forth fully herein.

41.     While defendants Jeanty and Williams were performing the body cavity search of Mr. Gumbs, Does 1 - 2 used unnecessary force against him in order to assist these defendants in said search.

42.     Such use of force included unnecessarily punching Mr. Gumbs in the ribs and about his body.

43.     As the behavior of Mr. Gumbs provided no justification for their conduct, the defendants' actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

44.     As a direct and proximate result of the individual defendants' actions, Mr. Gumbs suffered from physical and psychological harm.

### FOURTH CLAIM FOR RELIEF
(All Defendants Jeanty, Williams and City–Battery)

45.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 44 above, as if set forth fully herein.

46.     On December 15, 2005, while defendants Jeanty and Williams were performing the body cavity search of Mr. Gumbs, Does 1 - 2 used unnecessary force against him in order to assist these defendants in said search.

47.     Mr. Gumbs did not consent or otherwise authorize the individual defendants to touch him this way.

48. Defendants Jeanty, Williams and Does 1 - 2 were at all times agents of defendant City of New York, and were acting within the scope of their employment.

49. As a result of the conduct of the individual defendants, Mr. Gumbs suffered from physical and psychological harm.

50. As the employer of the individual defendants, defendant City is responsible for the injuries plaintiff suffered, and continues to suffer, as a result of their conduct pursuant to the doctrine of *respondeat superior*.

PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for the following relief:

(a) compensatory damages in an amount to be determined at trial;

(b) punitive damages against the individual defendants in an amount to be determined at trial;

(c) costs and expenses of this action;

(d) reasonable attorneys' fees; and

(e) such other and further relief as is just and proper.

Dated: New York, New York
       March 13, 2007

SCOTT A. KORENBAUM, ESQ.
Attorney for Plaintiff
111 Broadway, Suite 1305
New York, New York  10006
(212) 587-0018

By:_____/s/_____
       Scott A. Korenbaum (SK-8305)